UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Michael Miles** ) | |
| ) | |
| & ) | Case No. 1:16-cv-10551 |
| ) | |
| **Leland Foster** ) | |
| ) | Judge: |
| **Plaintiffs** ) | |
| v. ) | |
| ) | |
| **ENJO Properties, Inc.,** and ) | |
| ) | |
| **ENJO, Inc.,** and ) | |
| ) | |
| *DBA* Econo Lodge Hotel and Crown Choice ) | |
| Inn & Suites Lakeview & Waterpark Hotel, ) | |
| ) | |
| **Cabins of Mackinaw, Inc.** *DBA* Cabins of ) | |
| Mackinaw, ) | |
| ) | |
| And ) | |
| ) | |
| **Bayside Hotel of Mackinac, Inc**. *DBA* Bayside ) | |
| Hotel of Mackinaw ) | |
| ) | |
| **Defendants** | |

---

# COMPLAINT

Plaintiffs, Michael Miles & Leland Foster, by and through their undersigned counsel, Owen B. Dunn, Jr. of the Law Offices of Owen B. Dunn, Jr. and Matthew B. Bryant of Bryant Legal, LLC, Co-Counsel for Plaintiffs, hereby file this Complaint against Defendant **ENJO Properties, Inc**., a Michigan Corporation for Profit, **ENJO, Inc.** a Michigan Corporation for Profit , *DBA* Econo Lodge Hotel and Crown Choice Inn & Suites Lakeview & Waterpark Hotel, Defendant **Bayside Hotel of Mackinac, Inc**. *DBA* Bayside Hotel of Mackinaw, and Defendant **Cabins of Mackinaw, Inc.**, a Michigan Corporation for Profit, *DBA* Cabins of Mackinaw for

remedial injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by Plaintiffs Michael Miles and Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendants' properties and places of public accommodation are collectively situated on the same piece of undivided property, are located in this judicial district, whereby each Defendant operates a hotel. Upon information and belief, the named Defendants share amenities, including but not limited to: a waterpark, breakfast rooms, parking and similar facilities at these places of public accommodation.

## PARTIES

4. Plaintiffs, Michael Miles and Leland Foster, (hereinafter "Plaintiffs") are each Ohio

residents, are *sui juris*, and qualify as individuals with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Upon information and belief, Defendant **ENJO Properties, Inc**. is owner of a parcel of land in Mackinaw City, MI, in the county of Cheboygan, identified as parcel number 012-W10-008-002-02. Upon this land are located four businesses and multiple buildings. The individual businesses are the Econo Lodge Hotel located at 712 S Huron Ave., Mackinaw City, MI; the Crown Choice Inn & Suites Lakeview & Waterpark Hotel located at 720 S Huron Ave., in Mackinaw City, MI; the Cabins of Mackinaw located at 721 S Huron Ave., Mackinaw City, MI, and; the Bayside Hotel of Mackinaw located at 726 S Huron Ave., Mackinaw City, MI.  Enjo Properties, Inc. (hereinafter "Defendant Enjo Properties" or ("Defendant(s)") owns and operates the referenced hotels.  These hotels operate as place of public accommodation. These four hotels share amenities and facilities between them, inclusive of parking, an outdoor swimming pool, a water park, a breakfast buffet, and others. Plaintiffs have patronized the property and hotels previously as places of public accommodation.

6. Upon information and belief, Defendant **ENJO, Inc**. owns or operates the referenced hotels at 712 S Huron Ave., and 720 S Huron Ave., 721 S Huron Ave., and 726 S Huron Ave., in Mackinaw City, MI.  These hotels operate as place of public accommodation, whereby they share amenities and facilities between them, as well as with Defendant Cabins of Mackinaw, Inc. and Defendant Bayside Hotel of Mackinac, Inc. Plaintiffs have patronized the property and hotels previously as places of public accommodation

7. Upon information and belief, **Bayside Hotel of Mackinac, Inc**. *DBA* Bayside Hotel of Mackinaw (hereinafter "Defendant Bayside" or "Defendant(s)" or "Bayside Hotel of

Mackinaw") owns and operates a hotel located at 726 S Huron Ave., Mackinaw City, MI. Defendant Bayside operates as place of public accommodation, which shares amenities and facilities with the other named Defendants herein. Plaintiffs have patronized the property and hotels previously as places of public accommodation.

8. Upon information and belief, Defendant **Cabins of Mackinaw, Inc.** *DBA Cabins of Mackinaw* (hereinafter "Defendant Cabins of Mackinaw" or "Defendant(s)" or "Cabins of Mackinaw") owns and operates a hotel located at 721 S Huron Ave., Mackinaw City, MI. Defendant Cabins of Mackinaw operates as a place of public accommodation. Defendant Cabins of Mackinaw, Defendant Enjo and Defendant Bayside (hereinafter "Defendants," unless individually specified) share amenities and facilities between them, including but not limited to parking, a water park, and similar facilities or amenities within the respective places of public accommodation. Plaintiffs have patronized Defendants' amenities, facilities, and property as places of public accommodation.

9. Upon information and belief, Defendants and their related facilities are non-compliant with the remedial provisions of the ADA. As Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' hotels constitute places of public accommodation, whereby each fails to comply with the ADA and its regulations, as also described further herein.

10. Mr. Miles is paraplegic and uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

11. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

12. Mr. Miles has visited the properties and facilities as owned by Defendants that form the basis of this lawsuit and plans to return to Defendants' properties to avail himself of the goods and services offered to the public by Defendants. Plaintiff Miles frequently visits Mackinaw City, Mackinaw Island and the northern Michigan geographic region for golf trips, family vacations, and sporting events several times annually. Plaintiff Miles has visited, been a customer and overnight hotel guest at the property that forms the basis of this lawsuit. Plaintiff Miles plans to return to the property to avail himself of the goods and services offered to the public by Defendants.

13. Mr. Foster has visited the properties and facilities as owned by Defendants that form the basis of this lawsuit and plans to return to the Defendants' properties to avail himself of the goods and services offered to the public by Defendants.  Mr. Foster is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including in hand cycle events and adaptive skiing with the local adaptive sports community and other similar enthusiasts in the geographical region. Mr. Foster frequents many establishments in Mackinaw City, and he has visited, been a customer and overnight hotel guest at the property that forms the basis of this lawsuit.

14. Plaintiffs have personally experienced the barriers to access complained of herein and been endangered by Defendants' failure to comply with the ADA and its regulations.  At

Defendants' properties and hotels, Mr. Miles and Mr. Foster encountered various architectural barriers at the subject properties that contravene the ADA and its regulations. These barriers to access have endangered their safety and prevented access to Defendants' places of public accommodation.

15. Completely independent of the personal desire to have access to these places of public accommodation free of illegal barriers to access, Plaintiffs also act as "testers" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiffs employ a routine practice. Plaintiffs personally visit the public accommodation; engage all of the barriers to access, or at least all of those that Plaintiffs are able to access; and test all of those barriers to access to determine whether and the extent to which there are illegal barriers to access; proceed with legal action to enjoin such discrimination; and subsequently return to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiffs also intend to visit the premises annually to verify its compliance or non-compliance with the ADA, and the maintenance of the accessible features of the premises. In this instance, Plaintiffs, in their individual capacities as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

16. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property and hotels as

described but not necessarily limited to the allegations contained in this complaint. Plaintiffs have reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiffs desire to visit the Defendants' hotels and places of business again on future occasions, not only to avail themselves of the goods and services available at the property and hotels but to assure themselves that each property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the hotels and the various amenities without fear of discrimination.

17. The Defendants have discriminated against the Plaintiffs by denying them access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

18. The Defendants have discriminated, and they are continuing to discriminate, against the Plaintiffs in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less, respectively).

19. A preliminary inspection of the hotels and property, which are each situated on the same undivided parcel of property, as owned or operated by the Defendants has shown that many violations of the ADA exist, whose remedy is readily achievable, especially considering the fact that these hotels and related properties are relatively new construction. These violations at the property and hotel include, but are not limited to:

**Parking:**

    A. At the Crown Choice Inn & Suites Lakeview & Waterpark Hotel ("Crown Choice Inn"), the available parking spaces lack access aisles, in violation of the ADA whose remedy is readily achievable;

 B. At the Crown Choice Inn, the available parking spaces fail to be properly signed as designated accessible, in violation of the ADA whose remedy is readily achievable;

 C. At the Crown Choice Inn, the available parking spaces lack van accessible parking, in violation of the ADA whose remedy is readily achievable;

 D. At the Econo Lodge Hotel, Defendant fails to provide <u>any</u> designated accessible parking, in violation of the ADA whose remedy is readily achievable;

 E. At the Econo Lodge Hotel, Defendant fails to provide <u>any</u> van accessible parking, in violation of the ADA whose remedy is readily achievable;

 F. At the Bayside Hotel of Mackinaw, Defendant fails to provide <u>any</u> designated accessible parking, in violation of the ADA whose remedy is readily achievable;

 G. At the Bayside Hotel of Mackinaw, Defendant fails to provide <u>any</u> van accessible parking, in violation of the ADA whose remedy is readily achievable;

 H. At the Cabins of Mackinaw, Defendant fails to provide <u>any</u> designated accessible parking, in violation of the ADA whose remedy is readily achievable;

 I. At the Cabins of Mackinaw, Defendant fails to provide <u>any</u> van accessible parking, in violation of the ADA whose remedy is readily achievable;

**Accessible Routes:**

 J. The Crown Choice Inn fails to provide compliant handrails or designated accessible ramps in the indoor pool facility, in violation of the ADA whose remedy is readily achievable;

 K. The Econo Lodge Hotel fails to provide an accessible means of entry into its lobby, as stairs prevent access, in violation of the ADA whose remedy is readily achievable;

 L. The Cabins of Mackinaw lodging units have no inaccessible, as stairs and various impediments to entry prevent any accessible means of entry by disabled patrons or persons, in violation of the ADA whose remedy is readily achievable;

 M. Stairs on the accessible route to enter Econo Lodge lobby do not have hand rails on both sides, and where present have handrails with non-compliant gripping surfaces in violation of the ADA whose remedy is readily achievable;

 N. There are ramps at Econolodge, Cabins of Mackinaw, Crown Choice Inn and Bayside Hotel of Mackinaw without handrails, in violation of the ADA whose remedy is readily achievable;

 O. There is no marked accessible route for patrons to the breakfast buffet, in violation of the ADA whose remedy is readily achievable;

    P.  The Econo Lodge Hotel, Cabins of Mackinaw, Crown Choice Inn and Bayside Hotel of Mackinaw have non-compliant passenger loading zones that are not marked to comply with the ADA whose remedy is readily achievable;

    Q.  The Passenger loading zone canopy at Econo Lodge Hotel does not meet the ADA height requirements, in violation of the ADA whose remedy is readily achievable;

**Access to Goods and Services:**

    R.  The Crown Choice Inn fails to provide an adaptive pool lift into the indoor pool as required, in violation of the ADA whose remedy is readily achievable;

    S.  The Crown Choice Inn fails to provide an adaptive means of entry into its spa, in violation of the ADA whose remedy is readily achievable;

    T.  The Bayside Hotel of Mackinaw fails to provide an adaptive pool lift into the indoor pool as required, in violation of the ADA whose remedy is readily achievable;

    U.  The Cabins of Mackinaw fails to provide an adaptive pool lift into its swimming pool, in violation of the ADA whose remedy is readily achievable;

    V.  The Econo Lodge Hotel provides a service desk in its lobby that is in excess of 36 inches in height, in violation of the ADA whose remedy is readily achievable;

**Designated Accessible Guestrooms:**

    W.  The Econo Lodge Hotel's 68 room hotel fails to provide <u>any</u> designated accessible guestrooms, whereas 3 guest rooms with mobility features without roll-in showers and 1 guest room with mobility features with a roll-in shower is required, in violation of the ADA whose remedy is readily achievable;

    X.  The guestrooms Econo Lodge Hotel identifies as accessible (because they are located on the first floor) have no grab bars mounted at water closets, have insufficient knee and toe clearances at lavatories, have no accessible bathtub or roll-in shower, have thresholds in excess of ½ inch at the entrance door, have amenities mounted in excess of allowable reach ranges, and other features which do not comply with the ADA whose remedy is readily achievable;

    Y.  The Cabins of Mackinaw, which self identifies as "New in 2010. Brand New Units in 2015. Private two-story cabins with loft, Jacuzzi & view of beautiful Lake Huron!" fails to provide <u>any</u> designated accessible guestrooms or cabins, whereas a minimum of 2 are required, in violation of the ADA whose remedy is readily achievable;

    Z.  The Crown Choice Inn fails to provide a sufficient number of designated accessible guestrooms, in violation of the ADA whose remedy is readily achievable;

AA. The Crown Choice Inn fails to provide mobility designated accessible guestroom fitted with a roll-in shower, whereas 1 is required, in violation of the ADA whose remedy is readily achievable;

BB. The Crown Choice Inn fails to provide a lavatory in the designated accessible guestroom with sufficient knee clearance due to storage under the sink, in violation of the ADA whose remedy is readily achievable;

CC. The Crown Choice Inn fails to provide compliant or safely mounted grab bars in the guestroom's restroom, in violation of the ADA whose remedy is readily achievable;

DD. The Crown Choice Inn fails to provide a shower spray unit mounted within designated accessible reach range, in violation of the ADA whose remedy is readily achievable;

EE. The Crown Choice Inn fails to provide a water closet with flush controls mounted on the open side of the unit, in violation of the ADA whose remedy is readily achievable;

FF. The Crown Choice Inn fails to provide amenities within the designated accessible guestroom that are mounted within permissible reach range, including but not limited to the door latch mechanisms and closet shelves, in violation of the ADA whose remedy is readily achievable;

GG. The Crown Choice Inn provides curtain wands in the designated accessible guestroom that require tight clasping or twisting, in violation of the ADA whose remedy is readily achievable;

HH. The Bayside Hotel of Mackinaw's 61 room hotel fails to provide <u>any</u> designated accessible guestrooms, whereas 3 guest rooms with mobility features without roll-in showers and 1 guest room with mobility features with a roll-in shower is required, in violation of the ADA whose remedy is readily achievable

**Policies and Procedures**

II. The operators and owners lack of the hotels and related facilities have inadequately defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

JJ. The Defendants have trained the staff and agents in discriminatory practices, which include asking guests making reservations for accessible guestrooms over the telephone questions such as, "How accessible do you need the room to be?" and "Accessible as in on the first floor or, accessible as in grab bars and roll-in showers?". Based upon the patron's requested need the Defendants' agent will often either hang up or refer the patron elsewhere.

20. The discriminatory violations described in Paragraph 19 by Defendants are not an exclusive list of the ADA violations at issue on the expansive property. Plaintiffs require further inspection of the Defendants' places of public accommodation with an expert in order to photograph and measure *all* of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiffs have been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiffs, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

21. Plaintiffs restate the allegations of ¶¶1-20 as if fully rewritten here.

22. The facilities and hotels at issue, as owned or operated by Defendants, as otherwise delineated in this Complaint, are each public accommodations and service establishments, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

23. Plaintiffs have been unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and

      its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiffs and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiffs.

24. The Plaintiffs, and others similarly-situated, are presently without adequate remedy at law and are being damaged by irreparable harm. Plaintiffs reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and remedy the ADA violations that exist at these hotels, including those set forth herein.

25. Pursuant to 42 U.S.C. §12187, Plaintiffs request that the Court issue an injunction requiring Defendants to make readily achievable alterations to the property and hotels as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiffs request reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301 *et seq*.**

26. Plaintiffs restate the allegations of ¶¶1-25 as if fully rewritten here.

27. Defendants operate or own "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

28. Defendants committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiffs the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Furthermore, Defendants' discriminatory policy and procedure in its guest

registration and accommodation practices act to deny the Plaintiffs access under the law.

29. Pursuant to M.C.L §37.1606, Plaintiffs are entitled to compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiffs demand,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Co-Counsel for Plaintiffs Michael Miles & Leland Foster:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile

dunnlawoffice@sbcglobal.net

/s/ Matthew B. Bryant
Matthew B. Bryant (0085991)*
BRYANT LEGAL, LLC
6600 W. Sylvania Ave., Suite 260
Sylvania, OH 43560
Phone: (419) 824-4439
Fax: (419) 932-6719
Email: mbryant@bryantlegalllc.com

*Admitted to practice in the Eastern District of Michigan