# UNITED STATES DISTRICT COURT

# IN THE NORTHERN DIVISION FOR THE EASTERN DISTRICT

| | |
|---|---|
| MICHAEL MILES *and* LELAND FOSTER, | Case No. 1:16-cv-10551 |
| Plaintiffs; | **Hon. Thomas L. Ludington** |
| v | |
| ENJO PROPERTIES, INC., ENJO, INC., CABINS OF MACKINAW INC., *and* BAYSIDE HOTEL OF MACKINAC INC., | |
| Defendants. | |
| _____ / | |

# C O N S E N T   J U D G M E N T

On 2/2/2016 plaintiffs Michael Miles and Leland Foster jointly filed a complaint against the four (4) defendants through which they uniformly allege violations and (or) non-compliance with provisions of the *Americans With Disabilities Act,* 42 USC §12181 *et seq* ("ADA") and Michigan's *Persons with Disabilities Civil Rights Act,* MCL §37.1301 *et seq* ("PDCRA") at hotels located in or near the Village of Mackinaw City in Cheboygan County MI alleged to be owned and (or) operated by the defendants. The plaintiffs seek remedial relief, costs, attorney fees, and compensation for their alleged damages.

Defendant Cabins of Mackinaw Inc. (hence "defendant C") filed responsive pleadings dated 3/11/2016 on 3/14/2016. Notwithstanding plaintiffs' assertions, defendant C denies any violations and (or) non-compliance of or with any of the provisions of the ADA or PDCRA and denies that either plaintiff has standing to commence this suit against it as alleged.

Defendants Enjo Properties Inc. ("defendant E1") and Enjo Inc. ("defendant E2") filed responsive pleadings on 3/14/2016. Notwithstanding plaintiffs' assertions, defendants E1 and E2 deny any violations and (or) non-compliance of or with any of the provisions of the ADA or PDCRA. Defendant E1 denies that it operates any of the referenced hotels but admits that it owns

and leases real property within the Village of Mackinaw City relative to which the plaintiffs' joint allegations are intended to pertain. Defendant E2 admits that it is a party to a lease with defendant E1 but denies that it owns any of the hotels that plaintiffs attempt to reference. Defendants E1 and E2 assert that the hotels known commonly as *Crown Choice Inn & Suites Lakeview & Waterpark, Econo Lodge, Cabins of Mackinaw,* and *Bayside Hotel of Mackinac* share amenities and facilities; all of which were at all times relevant available to either plaintiff. Defendants E1 and E2 expressly deny that either plaintiff has standing to commence this suit against them.

Defendant Bayside Hotel of Mackinac Inc. (hence "defendant B") filed responsive pleadings dated 3/11/2016 on 3/14/2016 and asserts that the plaintiffs have misidentified it. Notwithstanding plaintiffs' assertions, defendant B denies any violations and (or) non-compliance of or with any of the provisions of the ADA or PDCRA. Defendant B asserts that the hotels known commonly as *Crown Choice Inn & Suites Lakeview & Waterpark, Econo Lodge, Cabins of Mackinaw,* and *Bayside Hotel of Mackinac* share amenities and facilities; and assert that they were at all times relevant available to either plaintiff. Defendant B denies that either plaintiff has standing to commence this suit against it as alleged.

Defendants B, C, E1, and E2 deny that either plaintiff has pleaded a basis for injunctive relief, and assert that there is no injunctive relief which will operate to improve either plaintiffs' access to the public accommodations referred to in the complaint.

Nothing in this *Consent Judgment* shall constitute any admission of liability or stipulation of fact by the defendants except as expressly set forth. The defendants have agreed to entry of this *Consent Judgment* without admitting the allegations of the complaint or any issue of fact or law in order to avoid the time, expense, and disruption of litigation. The parties agree that entry of this *Consent Judgment,* without further litigation, is in the public interest.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

A. **Jurisdiction and Venue**.

   1. The Court has jurisdiction of this matter pursuant to 28 USC §§1331 and 42 USC §12188.

   2. Venue is appropriate in this District pursuant to 28 USC §1391.

B. **Relief by Consent**.

   1. Defendant Enjo Properties Inc. ("defendant E1") shall pay to plaintiff Michael Miles the sum of FIVE HUNDRED and NO/100 ($500.00) USD for any and all claims for any manner of damages asserted by Mr. Miles in relation to the allegations asserted or assertable via the complaint.

   2. Defendant E1 shall pay to plaintiff Leland Foster the sum of FIVE HUNDRED and NO/100 ($500.00) USD for any and all claims for any manner of damages asserted by Mr. Foster in relation to the allegations asserted or assertable via the complaint.

   3. Defendant E1 shall pay to plaintiffs the sum of FIVE THOUSAND and NO/100 ($5,000.00) USD for all claims for interest, attorneys' fees, costs, and litigation expenses asserted and (or) incurred by plaintiffs in relation to this case and the allegations asserted or assertable via the complaint.

   4. Within twenty-four (24) months of the date of the court's entry of this *Consent Judgment* – and contingent upon obtaining necessary financing, permits, and governmental authorization – the immediately following alterations shall be made by the defendant E1 to the Cheboygan County MI "public accommodation" referred to herein as *Crown Choice Inn & Suites Lakeview & Waterpark*.

      a. The area for accessible parking shall be restriped to as to provide the total number of ADA compliant designated accessible parking spaces commensurate with Table 208.2, *2010 ADA Standards for Accessible Design* as may specifically be required by ADA. This shall include providing a van accessible space pursuant to ADA.

  b. Access to goods and services:

    i. Low height desk registration area will be provided.

    ii. Lobby mat edges shall be secured.

    iii. Lobby coffee station soap dispenser shall be lowered to appropriate height.

    iv. Lobby signage shall be lowered to appropriate height or duplicate signage will be provided.

    v. Laundry room washers and dryers shall be replaced with front-loading models.

    vi. Inclines leading to and past entrance door thresholds to rooms 5105 and 5115 shall be installed.

    vii. Remote thermostat controls shall be installed in guest rooms 5105 and 5115.

    viii. Guest room identification signage for guest rooms 5105 and 5115 shall be mounted on the latch side of the wall next to the door.

    ix. The furniture in guest rooms 5105 and 5115 shall be relocated and (or) removed so as to allow at least minimum route widths.

    x. The hooks on the bathroom doors in guest rooms 5105 and 5115 shall be lowered so as to not exceed the forty-eight (48") inch height maximum.

    xi. The shower seat in guest room 5105 shall be re-installed so as not to exceed the one and a half (1½") inch maximum.

    xii. The thresholds at the bottom of the shower opening in guest room 5105 shall be eliminated.

  c. Access to common area public restrooms:

    i. Restroom sinks shall be relocated or replaced so as to meet applicable clearance <u>and</u> height requirements, or an additional ADA-compliant sink shall be added.

  ii. Approved insulation shall be installed around all restroom plumbing where required.

  iii. Adjacent toilet paper dispensers shall be placed at an appropriate height. Flush handles shall be on the proper side or a remote flush handle shall be installed.

  iv. The height of the toilet seat in the women's restroom shall be adjusted to a proper height.

  v. Pool area restroom identification signage shall be mounted on the latch side of the wall next to the door.

 d. Any visual fire alarm appliances shall be lowered to a height not to exceed eighty (80") inches from the floor.

 e. The drinking fountain adjacent to the public restroom in the waterpark shall feature a standard-compliant control handle and a drinking spout that is placed at a proper height.

5. Within twenty-four (24) months of the date of the court's entry of this *Consent Judgment* – and contingent upon obtaining necessary financing, permits, and governmental authorization – the immediately following alterations shall be made by the defendants E1 and B to the Cheboygan County MI "public accommodation" referred to as ***Bayside Hotel of Mackinac***.

 a. Accessible approach and entrance:

  i. A compliant accessible parking space shall be added near the front main entry and adjacent to an accessible route.

  ii. Vertical obstructions in excess of one quarter (¼") inch, if any, shall be eliminated from the front main entry or slopes shall be added.

  iii. Common area rug edges shall be secured.

b. Access to goods and services:

   i. There shall at all times be three (3) designated mobility accessible guest rooms; two (2) of which may or may not be fitted with roll-in showers, and one (1) of which will be fitted with a roll-in shower.

   ii. Any newly created accessible guest room created by this agreement shall comply with the regulations governing transient lodging guestrooms as set forth in the *2010 ADA Standards for Accessible Design*.

   iii. Signage shall be compliant as to location and height.

   iv. Accessible guest room security latches shall be compliant as to height.

   v. Accessible guest room bathrooms shall have compliant toilet-side grab bars.

   vi. Accessible guest room bathrooms shall have compliant toilet paper dispensers.

   vii. Remote flush controls shall be installed on accessible guest room toilets.

   viii. Accessible guest room bathroom doors shall have hooks located at an ADA compliant height.

   ix. Accessible guest room furniture shall be relocated and (or) removed so as to allow at least minimum route widths.

   x. Accessible guest room closets shall have ADA compliant handles.

c. Access to common area public restrooms:

   i. The grab-bar in the men's public restroom shall be relocated so as to be compliant with ADA placement requirements.

   ii. The toilet flush controls in the men's public restroom shall be located on the open side and not the wall side.

      iii. The hooks on the toilet stall doors and the paper towel and soap dispensers in the men's and women's public restrooms shall be located at an ADA compliant height.

6. Within twenty-four (24) months of the date of the court's entry of this *Consent Judgment* – and contingent upon obtaining necessary financing, permits, and governmental authorization – the immediately following alterations shall be made by the defendant E1 to the Cheboygan County MI "public accommodation" referred to herein as *EconoLodge* and *Cabins of Mackinaw*.

   a. Two (2) mobility accessible cabins each fitted with roll-in showers shall be added to Cabins of Mackinaw.

   b. One (1) mobility accessible room fitted with a roll-in shower shall be added to EconoLodge.

   c. Accessible approach and entrance:

      i. The guest registration office shall feature signage adequate to provide warning as to the existence of the low clearance canopy at EconoLodge.

      ii. The guest registration office shall feature signage adequate to provide direction to an accessible guest registration office by way of an accessible route to guest registration.

      iii. The area for accessible parking shall be restriped so as to provide the total number of ADA compliant designated accessible parking spaces commensurate with Table 208.2, *2010 ADA Standards for Accessible Design*.

   d. Handrails will be installed on both sides of the ramped accessible route to the outdoor swimming pool and accessible EconoLodge room.

   e. The public drinking fountain at the pool area shall be rendered ADA compliant or will be removed.

7. Within six (6) months of the date of the court's entry of this *Consent Judgment* the defendants E1, E2, and B shall create and adopt reasonable policies and procedures to maintain accessible features and will modify policies as necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and will have, in place, compliant policies and procedures.

C. **Miscellaneous**.

1. Any actions taken or modifications made pursuant to this *Consent Judgment* shall not operate to create additional obligations or liability for any defendant insofar as those actions and modifications are consistent with the ADA. The parties acknowledge and agree that the actions and modifications agreed to be undertaken pursuant to this *Consent Judgment* represent compliance with the ADA and PDCRA by the defendants to the fullest extent possible and that same is the full extent of what is readily achievable.

2. The defendant E1 agrees to be reasonably diligent in pursuing financing options and will do so in good faith. Defendant E1 agrees to permit reasonable verification of the extent of its efforts to obtain financing in the event that inability to obtain financing is cited as the reason for failure to effectuate any particular act consented to by any defendant herein.

3. Wherever in this *Consent Judgment* there is a requirement that a defendant perform but is unable to do so for any reason, the defendant E1 will notify the plaintiffs and the parties will attempt to resolve the concern(s) in good faith. In the event that either plaintiff should believe or assert that any defendant has failed to perform any act required herein, that plaintiff shall written notice (including reasonable particulars) of the concern(s) and the defendant(s) shall then respond to such notice within 30 calendar days of receipt of

the written notice. The parties shall negotiate in good faith in an attempt to resolve any dispute relating thereto before seeking relief through the court.

4. If any dispute under this *Consent Judgment* is not resolved pursuant to paragraph (C)(3) hereof, then any aggrieved party may petition the court for relief pursuant to this agreement.

5. This *Consent Judgment* constitutes the entire agreement by the plaintiffs and defendants and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party that is not contained in this written *Consent Judgment* shall be enforceable regarding the matters raised herein.

6. This *Consent Judgment* is final and has binding effect on the parties, including all principals, agents, executors, administrators, representatives, employees, successors in interest, beneficiaries, assigns, and legal representatives thereof.

7. The undersigned representatives of the parties certify that they are authorized to enter into and consent to the terms and conditions of the *Consent Judgment* and to execute and legally bind the parties to it.

8. If any provision of this *Consent Judgment* is determined by any court to be unenforceable, the other terms of same shall nonetheless remain in full force and effect provided however that if the severance of any such provision materially alters the rights or obligations of the parties, the plaintiffs and defendants shall engage in good faith negotiations in order to adopt such mutually agreeable amendments to this *Consent Judgment* as may be necessary to restore the parties as closely as possible to the initially agreed-upon relative rights and obligations.

D. **Consideration**.

1. In consideration of and consistent with all the terms of this *Consent Judgment*, plaintiff Michael Miles agrees to refrain from undertaking further investigation into or pursuing further legal proceedings regarding all matters asserted, assertable, and (or) contained within this *Consent Judgment* except as provided in paragraphs (C)(3) and (C)(4) above.

2. In consideration of and consistent with all the terms of this *Consent Judgment*, the plaintiff Leland Foster agrees to refrain from undertaking further investigation into or pursuing further legal proceedings regarding all matters asserted, assertable, and (or) contained within this *Consent Judgment* except as provided in paragraphs (C)(3) and (C)(4) above.

3. In consideration of all claims asserted or assertable for damages, costs, fees, and all other non-injunctive relief of a remedial nature plaintiff Michael Miles agrees to accept the consideration set forth in paragraphs (B)(1) and (B)(3) above in exchange for the full dismissal with prejudice of this action and all claims assertable hereunder.

4. In consideration of all claims asserted or assertable for damages, costs, fees, and all other non-injunctive relief of a remedial nature plaintiff Leland Foster agrees to accept the consideration set forth in paragraphs (B)(2) and (B)(3) above in exchange for the full dismissal with prejudice of this action and all claims assertable hereunder.

E. **Disposition**.

1. The subject action and all claims asserted or assertable herein against all of the defendants are **DISMISSED with prejudice**.

2. Except to the extent referred to specifically herein, the subject action is **DISMISSED**

...

**without the award of costs to any party**.

3. This *Consent Judgment* constitutes a final order and closes the case.

**SO ORDERED**:

Dated: November 10, 2016            s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge

**AGREED AND APPROVED FOR ENTRY**:

For plaintiff MICHAEL MILES *and* plaintiff LELAND FOSTER:

dated:  **11/9/2016**

    s/    OWEN B. DUNN JR.              /
**OWEN B. DUNN JR.** (P66315)
LAW OFFICE OF OWEN B. DUNN JR.
4334 W Central Ave, Ste 222
Toledo OH 43615
(419) 241-9661
dunnlawoffice@sbcglobal.net

For defendants    ENJO PROPERTIES, INC.
                  ENJO, INC.
                  CABINS OF MACKINAW INC.,
                  *and* BAYSIDE HOTEL OF MACKINAC, INC.

dated:  **11/9/2016**

    s/    JOHN M. FREEL               /
**JOHN M. FREEL** (P46217)
FREEL PROFESSIONAL CORP
540 W Lake St, Ste 2
Tawas City MI 48763
(989) 362-3444
john@freelpc.com

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 10, 2016.

        s/Kelly Winslow for
        MICHAEL A. SIAN, Case Manager